## E. R. Stege Brewery, Appellant, v. Joseph O. Kostner, Appellee.

### Gen. No. 23,375. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FRED-ERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed December 21, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by the E. R. Stege Brewery, a corporation, complainant, against Joseph O. Kostner, defendant, to enjoin defendant from prosecuting a certain forcible detainer action. From an order sustaining a demurrer to the bill and dismissing the bill for want of equity, complainant appeals.

In a former opinion, 203 Ill. App. 416, an interlocutory injunction, entered on the bill, answer and affidavits, was reversed, after which the bill was amended and general demurrer thereto sustained in the order now appealed from.

SIMEON STRAUS and IRA E. STRAUS, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee; JOSEPH W. MOSES, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. INJUNCTION, § 187*—*when amended bill to enjoin prosecution of forcible detainer action is properly dismissed.* Where a bill to enjoin the prosecution of a forcible detainer action was filed by a lessee claiming equitable estoppel as to extension of the lease against the subsequent lessee of a 99-year lease of the premises,

made subject to the former lease, who, at the time of the acts claimed to estop him, had merely a contract for the purchase of the premises which was never consummated and had no legal or equitable title to the premises, and no privity of contract or relationship between them then existed, and complainant's lessor never recognized any right in complainant to exercise complainant's option of extension of complainant's lease after the time for such exercise had expired, after which defendant secured such 99-year lease and also an assignment from the lessor of complainant's lease, *held*, on demurrer to the amended bill setting up such assignment in addition to the other facts stated, that the assignment did not change the legal significance of such facts and the bill was properly dismissed for want of equity.

---

## William C. Niblack, Receiver of La Salle Street Trust & Savings Bank, Plaintiff in Error, v. David L. Frank, Defendant in Error.

### Gen. No. 22,546.

1. BILLS AND NOTES, § 431*—*what is not evidence of delivery of note on condition explainable by parol testimony.* Where defendant, an insurance agent, and a depositor in plaintiff's bank, gave his note to the bank, which discounted same and passed the amount to his credit, whereby his check thereon in payment of the insurance premium due his company on insurance taken out through him by a vice president of the bank was paid, evidence that such vice president had, under an agreement between him and another vice president of the bank and defendant at the time of the execution of the note, orally agreed to pay same, would not constitute evidence of delivery of the note on such a condition as may be explained by parol testimony, and had no other import than to vary the provisions of defendant's written promise to pay it.

2. BILLS AND NOTES, § 431*—*when provision of Negotiable Instruments Act that delivery of note may be shown to be conditional is inapplicable.* Section 16 of the Negotiable Instruments Act (J. & A. ¶ 7655), providing that the delivery of a note may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring property in the instrument, is not applicable to a case where defendant gave his note to plaintiff's

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.